UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

MICHAEL PATRICK SATHER
#A751674                                                                PLAINTIFF

V.                              No. 3:18CV00139-JM-JTR

INMATE SERVICES CORP., and
DOES 1-2, Transport Officers                                          DEFENDANTS

## ORDER

Plaintiff Michael Patrick Sather ("Sather") is a convicted prisoner in the Wyoming Medium Correctional Institution in Torrington, Wyoming. He has filed a *pro se* § 1983 Complaint and Amended Complaint alleging that Defendants violated his constitutional rights while transporting him from Searcy, Arkansas to Iowa. *Docs. 2 & 8.* Before Sather may proceed with this case, the Court must screen his allegations.[1]

## II. Screening

Sather alleges that, while employees of Defendant Inmate Services Corp. ("Inmate Services") were transporting him from a court appearance in Laramie

---

[1] The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or a portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. *Id.* § 1915A(b). When making this determination, a court must accept the truth of the factual allegations contained in the complaint, and it may consider the documents attached to the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Reynolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011).

County, Wyoming, to Mt. Pleasant Correctional Facility in Iowa in October 2016, they stopped for three days at the jail in Searcy, Arkansas. When leaving Searcy, two unknown transport officers (Defendants John Doe and Jane Doe) took over.[2] Sather alleges that the Doe Defendants shackled his ankles "too tight" on the left side and refused to loosen the shackles when Sather repeatedly complained of pain and numbness. According to Sather, when he arrived in Iowa, his left ankle was swollen and he had no feeling in his left foot. A physician diagnosed him as having a blood clot in his left leg, due to the shackles being "too tight for so long." As a result of the blood clot, he is required "to be on blood thinner forever." He also alleges that his thirty-day supply of medications "mysteriously disappeared" during transport, as did his $1600 watch. He alleges that Defendants violated his constitutional rights to be free from deliberate indifference, cruel and unusual punishment, and the willful and wanton infliction of pain. He alleges that Inmate Services should be liable for hiring and failing to properly train the two Doe Defendants.

The Court concludes, *for screening purposes only*, that Sather has pled a viable § 1983 claim against each of the Defendants.

---

[2]He asserts that neither officer had identification badges, but describes them as a black male in his late 30s, and a black female in her late 20s or early 30s. *Doc. 8 at 7.*

Service will be ordered on Inmate Services. However, the Court cannot order service on the Doe Defendants until Sather provides their names and service addresses. *See Lee v. Armontrout*, 991 F.2d 487, 489 (8th Cir. 1993) (explaining that it is the prisoner's responsibility to provide a proper service address for each defendant). After Inmate Services files an Answer or other responsive pleading, the Court will enter a Scheduling Order that sets a deadline for Sather to file a Motion for Service containing the identity and service address of the Doe Defendants.[3]

### III. Sather's Motions

Because Sather has already been granted permission to proceed *in forma pauperis* (*Doc. 5*), his second Motion for Leave to Proceed In Forma Pauperis (*Doc. 9*) is DENIED as moot.

His Motions for Copies and Status Update (*Docs. 12 & 13*) are GRANTED. The Clerk is directed to provide Sather with a copy of the docket sheet.

Finally, Sather has filed a Motion to Appoint Counsel (*Doc. 11*). A *pro se* litigant does not have a statutory or constitutional right to have counsel appointed in a civil case. *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018); *Phillips v. Jasper County Jail*, 437 F.3d 791, 794 (8th Cir. 2006). However, the Court may, in its

---

[3] As previously explained to Sather (*see Docs. 5 & 6*), once Inmate Services files a responsive pleading, Sather can attempt to obtain this information by sending a discovery request directly to its attorney. *See* Fed. R. Civ. P. 26(b), 33 & 34.

discretion, appoint counsel if the *pro se* prisoner has stated a non-frivolous claim and "the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Patterson*, 902 F.3d at 850 (quoting *Johnson v. Williams*, 788 F.2d 1319, 1322 (8th Cir. 1986)). In making this determination, the Court must weigh and consider the following factors: (1) the factual and legal complexity of the case; (2) the plaintiff's ability to investigate the facts; (3) the existence of conflicting testimony; and (4) the plaintiff's ability to present his claims. *Id.*; *Phillips*, 437 F.3d at 794.

Sather's claims are not legally or factually complex. Furthermore, it appears from the record that he is capable of presenting his claims without the benefit of appointed counsel at this time. After filing his initial Complaint, Sather complied with the Court's Order to file an Amended Complaint which clarifies his claims and corrects some noted deficiencies. *Docs. 2, 6 & 8.* He has kept the Court apprised of address changes and other matters. *Docs. 7, 10, 12 & 13.* Service is being ordered on Defendant Inmate Services Corp. As explained, once this Defendant has filed an Answer or other responsive pleading, Sather can utilize the discovery processes (such as interrogatories and requests for production) to ascertain the identities of the Doe Defendants and obtain other information relevant to his claims. Thus, after carefully weighing the pertinent factors, the Court concludes that, at this stage in the

proceeding, they do not support the appointment of counsel. Accordingly, Sather's Motion for Appointment of Counsel (*Doc. 11*) is DENIED.

### III. Conclusion

IT IS THEREFORE ORDERED THAT:

1. The Clerk is directed to prepare a summons for Inmate Services Corp. The United States Marshal is directed to serve the Complaint and Amended Complaint (*Docs. 2 & 8*), and this Order, on Inmate Services Corp. without prepayment of fees and costs or security therefor.

2. Sather's second Motion for Leave to Proceed *In Forma Pauperis* (*Doc. 9*) is DENIED as moot.

3. Sather's Motions for Copies and Status Update (*Docs. 12 & 13*) are GRANTED. The Clerk is directed to send him a copy of the docket sheet.

4. Sather's Motion to Appoint Counsel (*Doc. 11*) is DENIED.

DATED this 4th day of March, 2019.

_____
UNITED STATES MAGISTRATE JUDGE